**ALLSTATE INSURANCE COMPANY,**
Plaintiff,

v.

**Paul STUART, d/b/a Stuart Truck Line, Dolphus Gerald, Forbes Transfer Company, Kathleen A. Grainger, as Administratrix of the Estate of Alice Ann Watts, Marie S. Watts, Individually and as Guardian ad Litem for Douglas Watts, Ronald Watts, Linda Watts and Canal Insurance Company, Defendants.**

Civ. A. No. 7709.

United States District Court
E. D. South Carolina,
Florence Division.

Sept. 14, 1965.

Charles D. Powers, Wright, Scott, Blackwell & Powers, Florence, S. C., for plaintiff.

W. B. Norton, Jr., Norton & Norton, Marion, S. C., and O. Doyle Martin, Leatherwood, Walker, Todd & Mann, Greenville, S. C., for defendant, Canal Ins. Co.

## ORDER

MARTIN, Chief Judge.

This is an action brought by the Allstate Insurance Company (Allstate) against the named defendants seeking a declaratory judgment that Allstate's policy of public liability insurance issued to Forbes Transfer Company did not extend coverage to Forbes Transfer Company and/or Paul Stuart, d/b/a Stuart Truck Line, and/or Dolphus Gerald in connection with an accident which occurred on September 13, 1961, near Mullins, South Carolina. Allstate, alternatively, seeks a declaration that if its policy did extend coverage to the accident in question that it is only excess coverage or if not that then its liability should be prorated with other applicable insurance. Canal Insurance Company (Canal) in its "Answer and Crossclaim" seeks similar declarations in its favor.

On September 13, 1961, Dolphus Gerald was driving a truck owned by Paul Stuart, d/b/a Stuart Truck Line (Stuart), which was under lease to Forbes Transfer Company (Forbes). Gerald was an employee of Stuart. He was involved in an accident near Mullins, South Carolina, which resulted in the death of one child and injury to another.

These claims for wrongful death and personal injury have been settled and the present litigation concerns the liability of the insurers of Stuart and Forbes.

Stuart and Forbes entered into a lease agreement on September 5, 1961.[1] The lease was to expire on December 31, 1961. By the terms of this lease Forbes was to pay Stuart a percentage of the gross and furnish the cargo as well as public liability insurance, while Stuart was actually hauling cargo for Forbes.

Stuart was to furnish the driver, all operating accessories to the truck and was to pay all fees and fines. Stuart was to pay his driver, furnish compensation insurance for him and make the proper deductions from his salary for taxes, etc. All accidents were to be reported immediately to Forbes. Stuart hauled unmanufactured or green tobacco for Forbes primarily out of Mullins, South Carolina, which was the home terminal of Stuart. Forbes had no terminal in Mullins and used Stuart's terminal. Forbes was engaged in hauling tobacco for the Imperial Tobacco Company, Ltd.

Stuart hauled for Forbes from Georgia and South Carolina to North Carolina and Virginia. Stuart did haul for other companies but Forbes had priority and Stuart preferred to and did haul for Forbes if a trip was available. Forbes knew that he would receive preference from Stuart over other companies.

While the Stuart equipment was in use by Forbes it carried a decal on the saddle tanks which read:

Leased By

F O R B E S

Transfer Co.

Wilson, N. C.

I.C.C. 19 105

N.C. C–38

These decals were not removed when the tobacco had reached its destination and was unloaded; the trucks always returned to South Carolina carrying the Forbes' decal. When the trucks went by Forbes' dispatcher's office in Lumberton, North Carolina, on return trips, they were still carrying Forbes' decals and if those decals were torn they were replaced by Forbes' dispatcher. Forbes never told the drivers to remove the decals on return trips. To the contrary the drivers were told by Forbes' dispatcher " * * * don't ever take them off as long as you are hauling for us."

Stuart's drivers brought the receipts for the tobacco that they delivered back to Stuarts' terminal so they could be mailed to Forbes to collect on the lease agreement or either delivered them directly to Forbes dispatcher at Lumberton.

Forbes maintained credit accounts with gasoline stations in Wilson, Lumberton and Candor, North Carolina. Stuart drivers purchased gasoline on Forbes' credit at these stations both when hauling for Forbes and on the return trips. The price of the gasoline was deducted by Forbes from Stuart's percentage of the gross.

The Stuart drivers were instructed by Forbes when to pick up loads of tobacco. The Stuart drivers would stop by Forbes' dispatcher's office in Lumberton, North Carolina, on the trip up and get gas. The dispatcher told the drivers to come by his office to get instructions on where to pick up their next load, when they were returning from the trip they were then making. If Forbes had another load for them they would pick it up without returning to Stuart's terminal. If the dispatcher's office was not on the return route, Stuart's drivers called the dispatcher during their return trip. Stuart never told his drivers where to go on their return trips.

1. The lease agreement is dated September 5, 1961, but at trial counsel for defendant explained to the Court without objection that the correct date was July 31, 1961. Paul Stuart testified that the lease commenced on July 11, 1961. Whatever the correct date may be is of little importance because all of these dates would make the lease effective on the day of the accident.

Stuart did not even know where his drivers were unless Forbes was unable to furnish them tobacco to haul, in which event they returned to the Stuart warehouse to get instructions from Stuart. In these instances Stuart would contact Forbes to try to get a load of tobacco to haul. If he could not get a load from Forbes, he would try to get a load from another shipper. As long as Forbes had tobacco for the Stuart trucks to haul he controlled their movement exclusively. As Forbes' dispatcher, C. H. Johnson, expressed it, "we always told them [Stuart's drivers] to pick the shortest route on U. S. Highways direct to a point and back to us."

On the day of the accident Dolphus Gerald had taken a truck loaded with tobacco from Mullins, South Carolina, to Danville, Virginia, and was on the return trip. The dispatcher's office was forty or fifty miles out of the way on the return trip from Danville so Dolphus Gerald did not go by the office. In Smithboro, South Carolina, the driver stopped and called the dispatcher but was unable to get him. On return trips from Danville the call to the dispatcher was always made from this point. If Forbes had another load of tobacco, his dispatcher would send a Stuart driver directly to the pickup point without his returning to the Stuart terminal. Smithboro is two or three miles from the scene of the accident which gives rise to this litigation. At the time of the accident Dolphus Gerald had the receipt for the tobacco that he had delivered in his possession.

■■ The "Vehicle Lease and Agreement" involved in this case extends from September 5, 1961, to December 31, 1961. It does not purport to be a trip lease and the conduct of the parties is inconsistent with any such interpretation. Forbes exercised control over Stuart's drivers as long as he had work for them to do. He exercised control in fact and had the right of control by express agreement between Forbes and Stuart. On the date of the accident Stuart's driver had delivered tobacco for Forbes under their lease agreement and was en route to Mullins with the intention of reloading with Forbes tobacco. Stuart's driver made an unsuccessful attempt to get instructions as to his destination from Forbes' dispatcher only a few minutes before the accident here involved. The driver had Forbes' decals on the saddle tanks of his truck and the receipt of the delivery he had made for Forbes on his person. Under South Carolina law, which controls this case, the test for determining responsibility is the right and authority of Forbes to control and direct the particular work or undertaking, as to the manner or means of its accomplishment, Hutsen v. Herndon, 243 S.C. 257, 133 S.E.2d 753 (1963). Brownlee v. Charleston Motor Express Co., 189 S.Ct. 204, 200 S.E. 819 (1939). Forbes had and exercised such right and authority and accordingly this Court finds that Dolphus Gerald was the servant of Forbes and that Forbes is responsible for the damage resulting from the accident of September 13, 1961.

Having reached this conclusion it is unnecessary to consider the contention of defendant that the Interstate Commerce Act and the regulations issued thereunder required Forbes to assume complete control and responsibility.

■ Plaintiff, Allstate, contends that its policy excluded coverage for several reasons. It asserts that the truck was not being used exclusively in the business of Forbes and that the truck had previously arrived at its destination under a single trip contract which did not provide in writing for the return trip of same. The facts as found by the Court dispose of these contentions. Forbes was using the truck exclusively in its business and not under a single trip contract. Plaintiff lastly contends that coverage is excluded because the truck was not being used over a route that Forbes was authorized to serve by Federal or public authority. There is no testimony that bears directly on this issue. The burden of proving that no liability exists by reason of a policy ex-

clusion rests with the party asserting the exclusion. Hartford Accident and Indemnity Co. v. Shaw, 273 F.2d 133 (8 Cir. 1959). Plaintiff must fail on this point by reason of its failure to meet its burden of proof. Having found that Forbes was responsible for the accident in question and that plaintiff's policy afforded coverage to Forbes answers the questions presented and for the reasons stated.

IT IS ORDERED that plaintiff, Allstate Insurance Company, be denied the requested relief and that it be declared on defendant's crossclaim that if defendant, Canal Insurance Company has any responsibility under its policy issued to Stuart it is only on an excess basis to the responsibility of Allstate Insurance Company.